[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 165 
Coral Lounge and Cocktail Bar, Inc., appeals from two orders of the Director of the Division of Alcoholic Beverage Control. The first order reverses the action of the Municipal Board of Alcoholic Beverage Control of the City of Elizabeth in granting to Ten Pin Bar, Inc., broad package privileges. The second order is one deleting from the license certificate a notation thereon which would allow appellant to sell alcoholic beverages for off-premises consumption from portions of the licensed premises other than the public barroom. *Page 166 
On May 28, 1948, Chapter 98, Laws of 1948, now R.S.
33:1-12.23 became effective; the first section of which reads as follows:
"The holder of a plenary retail consumption license or a seasonal retail consumption license, after the effective date of this act, may sell and display for sale alcoholic beverages in original containers for consumption off the licensed premises only in the public barroom of the licensed premises, such barroom being a room containing a public bar, counter or similar piece of equipment designed for and used to facilitate the sale and dispensing of alcoholic beverages by the glass or other open receptacle for consumption on the licensed premises; provided,however, that where, prior to the effective date of this act, alcoholic beverages in original containers for off-premises consumption were sold and displayed for sale by the holder of such license, either to the exclusion of sale for consumption on the licensed premises or upon a portion of the licensed premises other than the public barroom, such sale and display shall be permitted as heretofore and notwithstanding renewal or transfer of the license either from person to person or place to place, subject to rules and regulations to be promulgated by the commissioner."
The Municipal Board on June 24, 1948, granted to Ten Pin Bar, Inc., a plenary retail consumption license with the broad package privilege for premises at 10-12 Center Street, Elizabeth, New Jersey. Thereafter, Ten Pin Bar, Inc., changed its name to Coral Lounge and Cocktail Bar, Inc., and its location. The change of name and location of the premises are immaterial to the question involved.
The question for determination is whether the licensee was selling alcoholic beverages in original containers for off-premises consumption "upon a portion of the licensed premises other than the public barroom" prior to May 28, 1948. The Director of Alcoholic Beverage Control answered in the negative, and the present appeal attacks that finding on four grounds, the first two of which are directed to the constitutionality ofR.S. 33:1-12.23. The attack upon constitutional grounds is twofold. It is argued that the statute is defective in that it delegates powers to an administrative agency without setting up reasonable standards for the agency's guidance. The contention is that the language "upon a portion of the licensed premises other than a public barroom" is vague, indefinite and incapable of reasonable interpretation. *Page 167 
The requisite standard or guide appears in the section under attack wherein a barroom is defined as "a room containing a public bar, counter or similar piece of equipment." The argument is untenable for it seems clear to us that a barroom means that portion included within the four walls of the room in which the bar is located. The other leg of the constitutional argument is predicated upon the ground of alleged discrimination. Suffice it to say that the statute affects alike all persons similarly situated and that the standard set up therein is reasonable. The suggestion that the granting of broad package privileges to other licensees is evidence of discrimination is without merit since the factual situations in each instance were dissimilar.
It is next said that the package department was in fact upon a portion of the licensed premises other than the public barroom and that the director erred in finding to the contrary. The fact is that the so-called package department was nothing more nor less than a small closet, just large enough for two persons, set off by wooden partitions in a corner of the barroom.
For the reasons stated, the orders under appeal are affirmed.